COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| CORY J. YOKUM, | | No. 08-11-00357-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 90th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Young County, Texas |
| | § | |
| Appellee. | § | (TC # 09303) |

## MEMORANDUM OPINION

Cory J. Yokum appeals his conviction for indecency with a child by sexual contact.[1]  *See*

TEX.PEN.CODE ANN. § 21.11(a)(1)(West 2011).  Appellant pled guilty to the offense and was

sentenced to serve eight years in the Texas Department of Criminal Justice, Institutional Division

together with a $5,000 fine.  Appellant's court-appointed counsel has filed a motion to withdraw

as counsel along with a brief in which he has concluded that the appeal is wholly frivolous and

without merit.  Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87

S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967),

by presenting a professional evaluation of the record and demonstrating why, in effect, there are

no arguable grounds to be advanced.  *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978);

*Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974); *Jackson v. State*, 485 S.W.2d 553

(Tex.Crim.App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).  In his motion

---

[1]  This is a companion case to cause number 08-11-00356-CR.  Appellant was charged by two separate indictments, both alleging indecency with a child by sexual contact offenses under Texas Penal Code, section 21.11(a)(1).  The offenses alleged were against the same victim and occurred on or about the same date.

to withdraw, counsel avers that copies of his brief and motion have been delivered to Appellant, and that Appellant has been advised of his right to file a *pro se* brief. No *pro se* brief has been filed.

After thoroughly reviewing the record and counsel's brief, we agree with counsel's professional assessment that the appeal is frivolous and without merit. The record reflects that Appellant freely and voluntarily pled guilty to the offense. Not only did Appellant plead guilty in open court, but a "Guilty Plea Memorandum," which included a waiver of jury trial and a stipulation of evidence, was signed by Appellant and entered into evidence. At the guilty plea hearing, the trial court properly admonished Appellant, and defense counsel thoroughly questioned him regarding his understanding about the nature and consequences of his plea. Moreover, during Appellant's punishment hearing testimony regarding the incident, he reaffirmed his guilty plea and admitted each and every element of the offense.

Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's brief would add nothing to the jurisprudence of the state. Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W .3d 763, 766 (Tex.Crim.App. 2009).

November 28, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)